IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIS K.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20 C 546 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Dennis K.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 17] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On December 31, 2014, Plaintiff filed a claim for SSI, alleging disability since January 1, 2003. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 17, 2017. The ALJ issued an unfavorable decision on October 4, 2017. Thereafter, finding error in the ALJ's decision, the Social Security Administration Appeals Council remanded the matter for further proceedings.

A second hearing before the ALJ was held on April 10, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. On June 25, 2019, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Appeals Council then denied Plaintiff's request for review, leaving the ALJ's June 25, 2019 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the date he applied for SSI. At step two, the ALJ concluded that Plaintiff had the following severe impairments: obstructive sleep

apnea; diabetes mellitus; asthma; hypertension; obesity; and learning disorder/borderline intellectual functioning. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a Listing.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: lifting/carrying ten pounds occasionally, and less frequently, standing/walking two of eight hours, and sitting six of eight hours; no climbing ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; avoid concentrated exposure to environmental irritants, such as temperature extremes, wetness, humidity, fumes, odors, dust, gases, or poorly ventilated areas; no work around unprotected heights; no driving or operating moving machinery; can understand, remember, and carry out simple work instructions and execute simple workplace judgments; can perform routine work that involves no more than occasional decision making or occasional changes in the work setting; and can engage in occasional interaction with co-workers and supervisors with no more than brief and superficial interaction with the public. At step four, the ALJ concluded that Plaintiff had no past relevant work.

At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

3

## DISCUSSION

I. **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because the ALJ incorrectly assessed both Plaintiff's mental RFC and his physical RFC. In advancing his first argument, Plaintiff contends, *inter alia*, that the ALJ's mental RFC assessment did not properly account for Plaintiff's difficulties with concentrating, persisting, and keeping pace. Pertinent to that argument, the ALJ expressly found that Plaintiff had "moderate limitations in the 'paragraph B' criteria," namely, understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting and managing oneself. (R. 19.) With respect to the third functional area, the ALJ noted that Dr. Michael Stone observed that Plaintiff "had difficulty maintaining attention and concentration" during a consultive examination in June 2015. (*Id.*) The ALJ elsewhere noted Plaintiff's reports that "he experiences severe fatigue and sleepiness caused by his obstructive sleep apnea" resulting in "significant daytime somnolence" to the point that Plaintiff would "fall[] asleep while walking or talking to someone." (*Id.* at 20-21.)

Pertinent to Plaintiff's somnolence, the record indicates that on September 21, 2014, Plaintiff fell asleep while standing at his sink, resulting in a fall that injured his left knee. (*Id.* at 404.) Attending medical staff noted that Plaintiff had intermittent head drops during examinations and had to be re-awoken. (*Id.* 410, 427.) Plaintiff testified that on another occasion he fell asleep while descending the stairs, resulting in a fall that broke his leg. (*Id.* at 80.) Plaintiff also testified that he

7

would regularly fall asleep midway through walking, talking, eating, and bathing. (*Id.* at 37.)

The Seventh Circuit has made clear that, though magic words need not be incanted, "the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record, including even moderate limitations in concentration, persistence, or pace." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) (citation and internal quotations omitted). Here, the ALJ ultimately concluded that Plaintiff had the residual functional capacity to "understand, remember, and carry out simple work instructions and execute simple workplace judgments" and to "perform routine work that involves no more than occasional decision making or occasional changes in the work setting." (R. 20.) As such, the ALJ's pertinent RFC findings were cast in boilerplate terms. While boilerplate RFC phraseology is not *per se* insufficient with respect to moderate limitations in concentration, persistence, or pace, the problem here is that the ALJ's mental RFC finding simply failed to incorporate and/or account for Plaintiff's somnolence and his limitations in concentration, persistence, or pace. *See Paul v. Berryhill*, 760 F. App'x 460, 465 (7th Cir. 2019) ("Though an RFC assessment need not recite the precise phrase 'concentration, persistence, or pace,' any alternative phrasing must clearly exclude those tasks that someone with the claimant's limitations could not perform.") (citations omitted); *cf. Webber v. Kijakazi*, No. 20-2990, 2021 U.S. App. LEXIS 24776, at *15 (7th Cir. Aug. 19, 2021) ("[A]n ALJ need not use any 'magic words' in an RFC assessment; we will not reverse so long as the assessment

8

incorporate[s] all of the claimant's limitations supported by the medical record.") (citation and internal quotations omitted).

Ultimately, upon finding that Plaintiff had moderate limitations with concentration, persistence, and pace, it was incumbent upon the ALJ to undertake an individualized assessment of Plaintiff's specific symptoms, which he did not do. *See See Bruno v. Saul*, 817 F. App'x 238, 242 (7th Cir. 2020) ("*Crump* teaches that a restriction to simple tasks is 'generally' not enough to account for moderate CPP limitations. . . . The concern is that the restriction is used as a one-size-fits-all solution without delving into an individualized assessment of the claimant's specific symptoms."). (citations omitted). The ALJ's failure in that respect requires that this matter be remanded. *See Carlos J. v. Saul*, No. 19 C 2453, 2020 U.S. Dist. LEXIS 149997, at *31 (N.D. Ill. Aug. 19, 2020) ("On remand, the ALJ should explain how a limitation to only simple and routine instructions and tasks adequately accounts for [the claimant's] moderate limitations in concentration, persistence, and pace.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's physical and mental RFCs are both properly assessed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 17] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**             **ENTERED:**

**DATE:**    **October 15, 2021**         _____
                                             **HON. MARIA VALDEZ**
                                             **United States Magistrate Judge**